IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBERT FRANCIS QUINN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-05-396 R |
| | ) | |
| UNIVERSITY OF OKLAHOMA, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE AND OBJECTION
TO DEFENDANT'S MOTION FOR TAXATION OF COSTS**

COMES NOW Plaintiff Robert Francis Quinn, who hereby responds and objects to Defendant's Motion for Taxation of Costs [Doc. No. 109], and in support thereof, demonstrates as follows:

**ARGUMENT**

Title 28 U.S.C. § 1920(2) allows the prevailing party to recover "[f]ees of the court reporter for all and any part of the stenographic transcript *necessarily obtained for use in the case.*" (Emphasis added). Here, Defendants seek to recover, among other things, the court reporter fee for Mr. Quinn's scheduled deposition on May 19, 2006. [Def.'s Mot., Ex. 1].

However, this deposition which was scheduled to begin at 10:00 a.m., never occurred. Rather, Defendant's counsel terminated at 10:17 a.m., because Plaintiff Quinn was late in appearing. [Def.s' Motion to Dismiss, Ex. 6, Tr., p. 2; Doc. No. 30-7]. Defendant's counsel then made a one-page record for "purposes

of any filings that I will have to take within the next week." [Tr., 2:11-13] Defendant's counsel also made a record regarding Plaintiff's non-response to written discovery. [Tr., 2: 14-21]. Defendant's counsel then appended the 17 pages of written discovery to the deposition transcript as Exhibit 2. [Tr., 2: 19-21].

Two weeks later, on May 25, 2006, Defendant filed a motion to dismiss based upon Plaintiff's alleged failure to answer the written discovery and non-appearance within the first seventeen minutes of the scheduled deposition time. [Doc. No. 30].

Defendant urged that dismissal was an appropriate sanction, but did not ask that the deposition costs be levied against Plaintiff. The Court denied Defendant's motion to dismiss, finding that Plaintiff's late answering of discovery and late appearance at deposition were attributable to excusable neglect. [Doc. No. 46].

Now, Defendant requests taxation of $105.33 against Plaintiff, which is the billed cost for the deposition on May 19th. However, Defendant's counsel terminated the deposition because Plaintiff was 17 minutes late in appearing. The sole vehicle for Defendant to recover the reasonable costs for this deposition is a motion made under Fed. R. Civ. P. 30(g)(1). Defendant waived this remedy,

and instead sought dismissal of the case. Thereby, Defendant is estopped from seeking taxation of this cost against Plaintiff.

Further, Defendant must show that this deposition cost is reasonable and necessary. *Griffith v. Mt. Carmel Medical Center*, 157 F.R.D. 499, 502 (D. Kan. 1994). Defendant has failed to show that a cost of $105.33 is a reasonable cost for the court reporter's time as to a 17 minute deposition which occurred at her office, and at which no testimony was taken. Thereby, Plaintiff respectfully submits that taxation of this cost should therefore be denied.

Further, Fed. R. Civ. P. 30(d)(2) prescribes that a deposition is limited to a duration of one day for a seven hour period unless otherwise authorized by the court or stipulated by the parties. Here, Defendant seeks taxation of $851.80 for the four-hour deposition of Plaintiff Quinn on July 26, 2006, and taxation of $417.18 for the more than three-hour deposition of Plaintiff Quinn on August 15, 2006.

The deposition on July 26th began at 1:30 p.m., and was terminated by Defendant's counsel at approximately 5:30 p.m. [Ex. 1; Tr., 170:23-171:20]. Plaintiff agreed to appear again if necessary to discuss any remaining issues. [Ex. 1; Tr., 171:11-20]. Defendant has failed to show that the second deposition occurring on August 15th was reasonably necessary for discovery as to remaining

issues in comparison to re-examination of the same issues after further preparation by Defendant's counsel.

Plaintiff submits that Defendant has thereby failed to meet the burden of demonstrating that the costs for Plaintiff's second deposition were necessarily incurred and that such costs are reasonable. Plaintiff thereby submits that Defendant's motion for taxation of $417.18 as to the cost of Plaintiff's second deposition on August 15th, should be denied.

                                        Respectfully submitted,

                                        s/ James L. Bintz
OBA No. 16394
816-B Cardinal Creek Blvd.
Norman, OK 73072
Telephone: (405) 321-9694
Fax: (405) 360-6394
jbintz.attorney@sbcglobal.net
*Attorney for Plaintiff*

*Certificate of Service*

I hereby certify that on December 16, 2006, I electronically transmitted the attached document to the Clerk of Court using the ECF filing system. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

>Joseph Harroz, Jr.
>Jason D. Leonard
>Shawnae E. Robey
>Office of Legal Counsel
>University of Oklahoma
>660 Parrington Oval, Suite 213
>Norman, Oklahoma 73019
>Telephone: (405) 325-4124
>Facsimile: (405) 325-7681
>*Attorneys for Defendant*

<u>s/ James L. Bintz</u>