IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBERT FRANCIS QUINN | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | Case No. CIV-05-396 R |
| | ) | |
| **UNIVERSITY OF OKLAHOMA** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OBJECTION TO
DEFENDANT'S MOTION FOR COSTS**

COMES NOW, the State of Oklahoma, *ex rel.* the Board of Regents of the University of Oklahoma (the "University"), pursuant to 28 U.S.C. §§ 1920 and 1924 and L.Civ.R. 54.1, and hereby responds to Plaintiff's Objection to Defendant's Motion For Costs [Doc. No. 113] and requests an Order allowing costs to be taxed against the Plaintiff in the amount of $1,469.01. In support of this Reply, Defendant adopts its arguments as set forth in its original Motion for Costs [Doc. No. 109] and would further show the Court as follows:

On November 21, 2006, the Court entered Judgment in favor of the University and against the Plaintiff on all of the Plaintiff's claims [Doc. No. 108]. On December 4, 2006, the University filed its Motion for Costs seeking reimbursement for the following costs:

1. Transcript-Robert Quinn-May 19, 2006        $  105.33
2. Transcript-Robert Quinn-July 26, 2006       $  851.80
3. Transcript-Robert Quinn-August 15, 2006     $  417.18
4. Norman Regional Medical-Plaintiff's         $   94.70
   Medical Records
                            **TOTAL:    $1,469.01**

These costs primarily represent the deposition costs the University incurred as a result of defending this lawsuit and all such costs were necessary in this litigation. The University took the deposition of only one (1) individual – the Plaintiff. The Plaintiff's first deposition transcript indicates that the University made a record at the Plaintiff's first scheduled deposition approximately

1

twenty (20) minutes after Plaintiff failed to appear at the scheduled (noticed) time, and the University incurred the $105.33 cost as a result. The Plaintiff, however, in his Response, attempts to give the impression that the Plaintiff was only seventeen (17) minutes late for the deposition, which is clearly not the case. In fact, the Plaintiff arrived at the court reporter's office approximately one (1) hour after the scheduled time. As a result, obtaining the Plaintiff's complete deposition testimony required two (2) separate meetings reflected in costs No. 2 and No.3 in the chart above.

The second meeting for Plaintiff's deposition was reasonable and necessary considering the fact that the Plaintiff had failed to appear at the first scheduled (noticed) deposition. The University scheduled the second meeting with the Plaintiff for his deposition in order to obtain and understand the Plaintiff's claims through his deposition testimony. However, the University was unable to complete the second attempt at the Plaintiff's deposition due to the Plaintiff's request to end the deposition. The Plaintiff stated at the beginning of the deposition that he had suffered a heart attack the previous day and was not feeling well. Therefore, due to the Plaintiff's alleged medical condition, the University agreed to continue the deposition to an alternate date. The University then scheduled and completed the Plaintiff's deposition at the third meeting. As a result, the cost of all three (3) depositions was a necessary cost in the litigation and the University should be reimbursed for the same.

As the prevailing party, the University's costs associated with this litigation are recoverable. A prevailing party in a civil rights action is generally entitled to recover certain costs. ***See Jane L. v. Bangerter***, 61 F.3d 1505, 1517 (10th Cir. 1995) (citing Fed.R.Civ.P. 54(d) and 28 U.S.C. § 1920)). The items of costs recoverable to the prevailing party are set forth in 28 U.S.C. §1920. These recoverable costs include clerk fees, court reporters' fees, printing and witness fees, copying fees, and certain docket fees. ***Id.*** Title 28 U.S.C. § 1920 sets forth in pertinent part the expenses that a

federal court may award as costs under Rule 54(d)(1):

    (1)    Fees of the clerk and marshal;
    (2)    Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
    (3)    Fees and disbursements for printing and witnesses;
    (4)    Fees for exemplification and copies of papers necessarily obtained for use in the case;

*See also Tilton v. Capital Cities/ABC, Inc.*, 115 F.R.D. 1471, 1475-76 (10th Cir. 1997).

The burden is on the prevailing party to establish that the costs they seek were "necessarily obtained" in the case. "In seeking costs under Rule 54(d), the prevailing party has the burden of establishing that the expenses he seeks to have taxed as costs are authorized by applicable federal law, including proof of necessity and reasonableness under 28 U.S.C. § 1920." *Griffith v. Mt. Carmel Medical Center,* 157 F.R.D. 499, 502 (D.Kan. 1994). There is a presumption in favor of awarding costs to the prevailing party. *See Mitchell v. City of Moore*, 218 F.3d 1190, 1204 (10th Cir. 2000); *Furr v. AT&T Technologies, Inc.,* 824 F.2d 1537, 1550 (10th Cir. 1987). To determine whether a transcript was necessarily obtained for use in the case, as required by the relevant statute, the Court must look at the reasonableness of the expenses and the importance of the witness, such as whether the witness was a party to the litigation. If a witness is a potential trial witness or a critical fact witness, a deposition of him/her will be considered necessarily obtained. *See e.g. Soler v. McHenry,* 771 F. Supp. 252, 255-256 (N.D. Ill. 1991).

As stated above, the Defendant is seeking court reporting fees for the Plaintiff's deposition(s).[1] Such fees were reasonable and necessary expenses of the litigation. In fact, all costs sought by the Defendant in this instance would have been expended by any diligent attorney in defending this type of lawsuit.

---

[1] Plaintiff has not asserted that the costs for Plaintiff's medical records, which is reflected in costs No. 4 in the chart on page 1, were not reasonable and necessary.

The deposition transcripts of the Plaintiff were used in the University's Motion for Summary Judgment, Plaintiff's Response, and the University's Reply thereto. The Court reviewed the Plaintiff's deposition testimony and considered it in granting the University's Motion for Summary Judgment. Further, the deposition transcripts of the Plaintiff were referenced in the Court's Order granting summary judgment and, therefore, necessary.

Plaintiff's claim under Fed.R.Civ.P. 30(g)(1) is inapplicable in this case. Under Rule 30(g)(1), the court may impose costs on the party giving notice if the *noticing* party fails to show for the deposition. However, in this case, the Defendant was the noticing party, and it was the *Plaintiff* (the deponent) who failed to appear. Therefore, the Plaintiff's claim under Rule 30(g)(1) is inapplicable. All costs requested herein were incurred as a result of successfully defending this lawsuit and were necessary for the litigation.

**WHEREFORE,** the Defendant respectfully requests the Court grant the University's Motion for Costs in the amount of $1,469.01.

    s/Jason D. Leonard
Joseph Harroz, Jr., OBA #15556
Jason D. Leonard, OBA #17664
Shawnae E. Robey, OBA #19195
Office of Legal Counsel
University of Oklahoma
660 Parrington Oval, Suite 213
Norman, Oklahoma 73019
Telephone: (405) 325-4124
Facsimile: (405) 325-7681
jharroz@ou.edu
leonardjd@ou.edu
srobey@ou.edu

*Attorneys for Defendant*

## CERTIFICATE OF MAILING

   I hereby certify that on the 5th day of January, 2007, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

James L. Bintz
816-B Cardinal Creek Blvd.
Norman, OK 73072
*Jbintz.attorney@sbcglobal.net*

                   s/Jason D. Leonard